UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT CARMACK**,
      Plaintiff,

v

**CITY OF DETROIT,** a municipal corporation**,**
**DETROIT BUILDING AUTHORITY,**
**GABE LELAND,** in his official and individual capacities as the duly elected member of the Detroit City Council,
**MIKE DUGGAN,** in his official and individual capacities as the duly elected Mayor of the City of Detroit**,**
**ERIC SABREE,** in his official and individual capacities as the duly elected Treasurer for Wayne County,
      Defendants.

Case No. 18-cv-11018

Hon. Matthew F. Leitman

_____/

## PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSING CASE WITHOUT PREJUDICE AGAINST DEFENDANTS CITY OF DETROIT, DETROIT BUILDING AUTHORITY, AND MIKE DUGGAN PURSUANT TO FED.R.CIV.P. 41(a)(1)(A)(i),(B).

NOW COMES PLAINTIFF, ROBERT CARMACK **("Plaintiff Carmack" or "Plaintiff")**, by and through his attorney, ANDREW A. PATERSON, and for his Notice of Voluntary Dismissing Case Without Prejudice Against Defendants City of Detroit, Detroit Building Authority and Mike Duggan Pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i),(B), states the following:

On March 28, 2018, Plaintiff Carmack filed his original Verified Complaint against Defendants alleging a First-Amendment retaliation claim under 42 U.S.C. §1983, as well as various state-law claims against the Defendants. (Docket No. 1).

On June 20, 2018, in accordance with the Court's June 6, 2018 Order [15], Plaintiff Carmack timely filed his First-Amended Complaint [16], which added the Defendant Detroit Building Authority as a defendant. (Docket No. 16). On July 11th [22] and August 17, 2018 [31], respectively, in lieu of filing an answer to Plaintiff's First-Amended Complaint [16], the Defendants City of Detroit, Mike Duggan and the Detroit Building Authority chose to file motions to dismiss [22, 31] Plaintiff's First-Amended Complaint [16] pursuant to Fed.R.Civ.P. 12(b)(6). (Docket Nos. 22, 31).

As of the date and time of the filing of this notice, neither of the Defendants City of Detroit, Mike Duggan or Detroit Building Authority have filed an answer to Plaintiff Carmack's First-Amended Complaint [16][1] nor have Defendants City of Detroit, Mike Duggan or Detroit Building Authority have filed a motion for

---

[1] Defendant Gabe Leland is the only defendant that has filed an answer to Plaintiff's First-Amended Complaint [16]. (Docket Nos. 19, 21). Consequently, Plaintiff's state-law claims against Defendant Gabe Leland are not subject to be voluntarily dismissed. *Aamot*, 1 F.3d at 444. Although Plaintiff intended to file a motion for summary judgment for the remaining state-law counts against Defendant Leland, Plaintiff's counsel is mindful that because the sole federal claim is being voluntarily dismissed with the filing of this notice, this Court no longer has discretion to exercise supplemental jurisdiction over the remaining state-law claims against Defendant Leland, and thus, the remaining state-law claims against Defendant Leland may now have to be adjudicated by the Plaintiff in a separate state-court action in the Wayne County Circuit Court. See *Landefield v Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)("generally, 'if the federal claims are dismissed before trial… the state claims should be dismissed as well'")(citing *Taylor v First of America Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)).

summary judgment pursuant to Rule 56. As noted, Defendants City of Detroit, Mike Duggan, and Detroit Building Authority filed respective motions to dismiss Plaintiff's First-Amended Complaint [16] pursuant to Fed.R.Civ.P. 12(b)(6) [22, 31], which have been taken under advisement by this Honorable Court. Additionally, and perhaps more importantly, as of the date and time of the filing of this notice, the Court has not entered a final judgment or entered an order with respect to Defendants City of Detroit's, Mike Duggan's and Detroit Building Authority's pending motions to dismiss [22, 31].[2]

Accordingly, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i), Plaintiff Carmack, through retained counsel, hereby files this notice with the Court voluntarily dismissing all claims and counts pled and alleged in Plaintiff's First-Amended Complaint [16] filed in the above-entitled matter against Defendants City of

---

[2] Defendants' pending Rule 12(b)(6) motions to dismiss [22, 31], do not in any way impact the immediate effect of Plaintiff's Notice of Voluntary Dismissal. In *Aamot v Kassel,* 1 F.3d 441, 444 (6th Cir. 1993), the Sixth Circuit Court of Appeals unequivocally rejected the position that a pending motion to dismiss bars voluntary dismissal. The Sixth Circuit opined that the "[Rule 41(a)] language unambiguously requires a defendant, in order to make plaintiff put his money where his mouth is, to serve plaintiff with a summary judgment motion or an answer." *Id. See also Rouse v Caruso,* No. 06-10961, 2007 WL 909600, at *3 (E.D. Mich. Mar. 23, 2007) (observing that "the courts that have considered the issue are virtually unanimous in holding that `[a] plaintiff's right of voluntary dismissal under Rule 41(a)(1) is not terminated by the filing of a Rule 12 motion to dismiss by the defendant'"); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2363 (3d ed. 2012) ("it [is] clear that a motion to dismiss under Rule 12 does not terminate the right of dismissal by notice").

Detroit, Mike Duggan and Detroit Building Authority, and pursuant to Fed.R.Civ.P. 41(a)(1)(B), the voluntary dismissal of the above-entitled matter against the Defendants City of Detroit, Mike Duggan and Detroit Building Authority shall be **without prejudice**.

Consequently, "[s]ince a Rule 41(a)(1) notice is self-effecuating, leaving no basis upon which a District Court can prevent such a dismissal, we therefore conclude that plaintiff[]'[s] case[] [is] **necessarily dismissed without prejudice, effective immediately upon [the] filing of the notice**[]." *Aamot v Kassel,* 1 F.3d 441, 445 (6th Cir. 1993) (emphasis supplied).

Dated: December 4, 2018         Respectfully submitted,

/s/ *ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that the foregoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 4th day of December, 2018 which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com