UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CARMACK,

    Plaintiff,

Case No. 18-cv-11018
Hon. Matthew F. Leitman

v.

CITY OF DETROIT, *et al.*,

    Defendants.

_____/

**<u>ORDER (1) DENYING DEFENDANTS' MOTION TO VACATE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL (ECF #57), (2) DISMISSING CLAIMS AGAINST DEFENDANT GABE LELAND WITHOUT PREJUDICE, (3) DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #55), AND (4) DENYING AS MOOT DEFENDANT'S MOTION TO COMPEL (ECF #18)</u>**

In this action, Plaintiff Robert Carmack alleges, among other things, that Defendants the City of Detroit, the Detroit Building Authority, and Michael Duggan wrongfully retaliated against him for exercising his First Amendment rights. (*See* Am. Compl., ECF #16.) Carmack further alleges that Defendant Gabe Leland extorted him and converted his personal property in violation of Michigan law. (*See id.*)

On July 11, 2018, the City of Detroit and Duggan filed a motion to dismiss the claims Carmack brought against them. (*See* ECF #22.) The Detroit Building Authority also filed a motion to dismiss Carmack's claims. (*See* ECF #31.)

1

The Court held a hearing on the two motions to dismiss on November 29, 2018. (*See* ECF #49.) Following that hearing, Carmack filed a notice of voluntarily dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) with respect to his claims against the City of Detroit, Duggan, and the Detroit Building Authority. (*See* Notice of Dismissal, ECF #51.) In the notice, Carmack expressed his desire to continue prosecuting his state-law claims against Leland in this Court. He recognized, however, that his "remaining state-law claims against [] Leland may now have to be adjudicated … in a separate state-court action." (ECF #51 at Pg. ID 917.)

The Court now turns to three pending motions in this action: (1) the City of Detroit and Duggan's motion to vacate Carmack's notice of voluntary dismissal (*see* ECF #57), (2) Carmack's motion to compel Leland to respond to certain discovery requests (*see* ECF #18), and (3) Carmack's motion for summary judgment with respect to his claims against Leland (*see* ECF #55).

**I**

The Court declines to vacate Carmack's notice of voluntary dismissal. The rule under which Carmack filed that notice, Rule 41(a)(1)(A)(i), provides that a "plaintiff may dismiss an action without a court order by filing [] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." A notice of voluntary dismissal under that rule is "is self-effectuating"

and "effective immediately" upon the filing of a Rule 41 notice. *Ammot v. Kassel*, 1 F.3d 441, 444-45 (6th Cir. 1993).

Here, the City of Detroit, Duggan, and the Detroit Building Authority have not filed an answer to Carmack's Amended Complaint or a motion for summary judgment. And the Court declines to treat their motions to dismiss as motions for summary judgment filed pursuant to Federal Rule of Civil Procedure 56. *See id.* at 444 (declining to "follow those cases which 'treat' motions to dismiss filed pursuant to Rule 12(b)(6) as summary judgment motions for the purpose of barring voluntary dismissal"). Accordingly, Carmack was entitled to voluntarily dismiss his claims against the City of Detroit, Duggan, and the Detroit Building Authority under Rule 41(a)(1), and the Court considers those claims dismissed.

The City of Detroit and Duggan counter that "a court may decline to permit a voluntary dismissal when required to avoid short-circuiting the judicial process, or to safeguard the interests of persons entitled to the court's special protection." (ECF #57 at Pg. ID 1080, quoting *Green v. Nevers*, 111 F.3d 1295 (6th Cir. 1997)). But this exception is both "rare and highly unusual." *Li v. Recellular, Inc.*, 2010 WL 1526379, at ** 3-4 (E.D. Mich. Apr. 16, 2010) (refusing to extend exception described in *Green* and finding case distinguishable on its facts). The City of Detroit and Duggan have cited just one case from this circuit in which a court rejected a dismissal under Rule 41(a)(1) – *Green*, *supra* – and the circumstances of *Green* are

3

nothing like the circumstances that exist here. The Court therefore **DENIES** their motion to vacate Carmack's notice of voluntary dismissal (*see* ECF #57), and the claims against the City of Detroit, Duggan, and the Detroit Building Authority remain dismissed.

However, as the Court noted in its December 7, 2017, order concerning Defendants' possible sanctions motions (*see* ECF #54), the Court's preliminary research appears to indicate that notwithstanding Carmack's notice of voluntary dismissal, the Court retains jurisdiction to adjudicate Defendants' request for sanctions. *See*, *e.g.*, *Red Carpet Studios Division of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 644-45 (6th Cir. 2006) (holding that district court had jurisdiction to impose sanctions under 28 U.S.C. § 1927 after case was voluntarily dismissed because, among other things, the "court's jurisdiction to issue sanctions under 28 U.S.C. § 1927 or pursuant to a court's inherent authority is ever present"). The Court has asked the parties to brief this jurisdictional issue, and it will resolve that question when it rules on the parties' currently-pending motions for sanctions.

## II

Following Carmack's dismissal of his claims against the City of Detroit, Duggan, and the Detroit Building Authority, the only claims that remain in this action are Carmack's state-law extortion and conversion claims against Leland. The Court declines to retain jurisdiction over those claims.

4

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction" over state-law claims where the court "has dismissed all claims over which it has original jurisdiction." When "all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010).

Carmack has not persuaded the Court that it should depart from the "usual[]" rule. Carmack's remaining state-law claims, and Leland's defenses to those claims, present somewhat unusual issues of state law that, under these circumstances, are best resolved by the Michigan state courts. Moreover, this action is in its very early stages, so dismissing Carmack's claims against Leland and requiring Carmack to re-file those claims, if at all, in state court, will not result in a meaningful duplication of effort or waste of judicial resources.

Accordingly, this Court declines to exercise supplemental jurisdiction over Carmack's remaining state-law claims against Leland, and it **DISMISSES** those claims **WITHOUT PREJUDICE**.

### III

Given that the Court has dismissed Carmack's state-law claims against Leland, it **DENIES AS MOOT** Carmack's two pending motions related to those claims: (1) Carmack's motion to compel Leland to respond to certain discovery

requests (ECF #18) and (2) Carmack's motion for summary judgment with respect to his claims against Leland (ECF #55).

## IV

For all of the reasons stated above, **IT IS HEREBY ORDERED** that:

- The City of Detroit and Duggan's motion to vacate Carmack's notice of voluntary dismissal (ECF #57) is **DENIED**;
- Carmack's state-law claims against Leland are **DISMISSED WITHOUT PREJUDICE**; and
- Carmack's motions (1) to compel Leland to respond to certain discovery requests (ECF #18) and (2) for summary judgment with respect to his claims against Leland (ECF #55) are **DENIED AS MOOT**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: January 24, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 24, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764